UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ANNAMARIE LAST NAME UNCERTAIN, a/k/a Annamarie Riethmiller, <br><br> Plaintiff <br><br> v. <br><br> ELECTORS FOR THE STATE OF MAINE, et al., <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) 1:12-cv-00293-DBH <br> ) <br> ) <br> ) <br> ) <br> ) |

**RECOMMENDED DECISION**

Annamarie LNU, who apparently once was known as Annamarie Reithmiller, has filed a complaint naming as defendants the electors for the State of Maine. According to yesterday's PACER inquiry Annamarie has filed numerous similar, if not identical, federal lawsuits in the last two days implicating the electors of the states of New York, Alabama, Kansas, Montana, Oregon, Arizona, and New Hampshire. See Anna Marie D. Riethmiller v. Electors for the State, 1:12-cv-00906-RJA (W.D.N.Y.); Annamarie Riethmiller v. Electors for the State of Alabama, 2:12-cv-00823-SRW (M.D. Ala); Annamarie Riethmiller v. Electors for the State, 5:12-cv-04117-JTM-DJW (D. Kan.); AnnaMaire Riethmiller v. Electors for the State of Montana, 9:12-cv-00164-DLC-JCL (D. Mont.); Annamarie Last Name Uncertain v Electors for the State, 6:12-cv-01725-AA (D. Or.); Annamarie D Riethmiller v. Unknown Partes named as: Electors for the State, 2:12-cv-02034-JAT (D. Ariz.); Annamarie D. Riethmiller v. US Electoral College, Electors, State of New Hampshire, 1:12-fp-00363 (D. N.H.). A PACER search conducted today revealed twelve additional similar cases have been filed naming as defendants the "electors" of

Washington, Colorado, Illinois, Mississippi (two cases-one in the Eastern District and one in the Southern District), Nevada, Ohio, Delaware, Idaho, Indiana, Louisiana, and Massachusetts.

This matter is before me for initial review of plaintiff's pro se complaint and application for leave to proceed in forma pauperis.  The motion to proceed in forma pauperis is denied, notwithstanding her allegations concerning her financial conditions.  Even if the plaintiff chooses to pay the $350.00 filing fee within the next fourteen days, I recommend that the complaint be dismissed pursuant to the provisions of 28 U.S.C. § 1915 (e)(2)(B) because the action is frivolous and fails to state a claim.  The complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Annamarie D. Reithmiller v. Electors for the State of Washington, 12-cv-0548-TOR (Rice, D.J.)(Order dismissing case with prejudice and denying in forma pauperis motion on similar complaint, finding "[t]his action is frivolous because it is a product of delusion or fantasy").

Plaintiff is a resident of Bradenton, Florida, suing the Electors for the State of Maine. The complaint is mostly incoherent and appears in large measure to be directed against President Obama who according to plaintiff is not legally eligible to be on the Maine presidential ballot. Her "complaint" does not explain why she is suing the "electors" or what she believes they can do about making a determination about whose name appears on the Maine ballot.  Since the complaint provides no notice of a claim against the putative defendants or a basis for exercising federal court jurisdiction, I recommend it be dismissed.   Neitzke v. Williams, 490 U.S. 319, 324 (1989); see also Mallard v. U.S. Dist. Ct. S. D. Iowa, 490 U.S. 296, 307-308 (1989) ("Section 1915(d) [now § 1915e(2)(B)(i)], for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision.").

## NOTICE

  A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

  Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

September 27, 2012     /s/ Margaret J. Kravchuk
              U.S. Magistrate Judge